NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0036n.06

No. 17-3345

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 19, 2018
DEBORAH S. HUNT, Clerk

SANTIAGO GODINEZ-GODINEZ,

    Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney
General,

    Respondent.

)
)
)
)
)  ON PETITION FOR REVIEW
)  FROM THE UNITED STATES
)  BOARD OF IMMIGRATION
)  APPEALS
)
)
)
)

BEFORE: BATCHELDER, GILMAN, and ROGERS, Circuit Judges.

PER CURIAM. Santiago Godinez-Godinez (Godinez) petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). As set forth below, we deny the petition for review.

Godinez, a native and citizen of Mexico, last entered the United States without inspection in 2004. Nine years later, after Godinez pleaded guilty to criminal charges, the Department of Homeland Security served him with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Godinez appeared before an immigration judge (IJ) and conceded removability as charged. Godinez filed an application for withholding of removal based on his political opinion and membership in a particular social group and for CAT protection, requesting voluntary departure in the alternative. In support of his application, Godinez asserted that he is a

well-known Mariachi musician in both the United States and Mexico; that he may be solicited or forced to compose or perform *narcocorridos* (drug ballads) for drug traffickers, cartel members, or corrupt government officials in Mexico; and that his unwillingness and refusal to do so would result in threats or violence, including torture or death, against him or his family members.

At the hearing before the IJ, Godinez testified that he is afraid of returning to Mexico because "there are a lot of gangs and it's very unsafe to live in Mexico." Godinez added that the drug traffickers seek out musicians like himself to perform at their parties and that the main reason for his claim is to avoid singing and performing for the drug traffickers and praising and elevating their values. Although Godinez indicated in his application that neither he nor any of his family members, close friends, or colleagues experienced threats or harm in the past, he testified inconsistently at the hearing that he personally knows of four musicians, including himself, who were threatened or harmed for refusing to play *narcocorridos*. According to Godinez, an acquaintance named Julio was kidnapped and shot in the back after he refused to play for a party. Julio survived and now performs in a wheelchair. Around 2003, Godinez and his brother Salvador performed with their band, Mariachi Dolorense, at a party. When the band finished performing, some of the party attendees brandished guns and ordered the band to play what the attendees wanted. Godinez and the other band members tried to calm them down, explaining that the band could not continue playing because the band had fulfilled its contractual obligations. The band members went to their vehicles, and a man followed, pointing a gun and shouting at them to play. People from the party eventually quieted the armed man. Godinez also testified that his brothers Salvador and Betronilo have received threats for refusing to play *narcocorridos*.

After the hearing, the IJ denied Godinez's application for withholding of removal and CAT protection, but granted his request for voluntary departure. The IJ found that Godinez was

not fully credible about events in Mexico, noting the discrepancy between his application and his testimony about whether he or any family members, close friends, or colleagues experienced threats or harm in the past. Given that Godinez was only partially credible, the IJ required corroboration of his claim, which he failed to provide. The IJ went on to find that, even if Godinez had corroborated his allegations, he failed to establish past persecution. As for future persecution, the IJ determined that Godinez's claimed fear was not objectively reasonable given that his family members who are musicians continue to live and perform in Mexico without any problems. According to the IJ, Godinez failed to demonstrate a pattern and practice of persecution against similarly situated persons where the record showed that musicians were threatened or harmed not because they were musicians, but because they crossed the drug traffickers. The IJ also found that Godinez failed to show a government actor's involvement or a nexus to a protected ground—opposition to gangs was not a cognizable political opinion and his proposed social group lacked an immutable characteristic. The IJ further determined that Godinez failed to demonstrate that he could not relocate within Mexico to avoid harm. Finally, the IJ found that Godinez failed to meet his burden of proof for CAT protection where he failed to provide any evidence that government officials would acquiesce in torture against musicians.

Godinez filed an appeal, which the BIA dismissed. The BIA held that the IJ did not clearly err in finding that Godinez failed to corroborate his claim and therefore failed to meet his burden of proof for withholding of removal. The BIA also found no error in the IJ's alternative determination that Godinez's claim for withholding of removal failed on the merits. The BIA agreed that Godinez failed to show past mistreatment amounting to persecution. As for the likelihood of future persecution, the BIA concluded that the record did not reflect that any person would harm Godinez in Mexico, emphasizing that he has family members in Mexico who are musicians and continue to perform without harm. According to the BIA, the IJ correctly

determined that Godinez failed to show that the Mexican government would be unable or unwilling to protect him or that he could not relocate within Mexico to an area where he would not be recognized. With respect to Godinez's claim for CAT protection, the BIA found no clear error in the IJ's determination that Godinez failed to demonstrate that it is more likely than not that he would be tortured if returned to Mexico. The BIA did, however, remand to allow the IJ to provide Godinez with the proper advisals for voluntary departure.

This timely petition for review followed. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). Alleged due process violations in removal proceedings are reviewed de novo. *Mapouya v. Gonzales*, 487 F.3d 396, 406 (6th Cir. 2007).

Godinez contends that the BIA violated his right to procedural due process by failing to consider his challenge to the IJ's political-opinion determination and that remand is warranted because the evidence in the record demonstrates that it is more likely than not that he will be persecuted based on his imputed political opinion if returned to Mexico.[1] "Fifth Amendment guarantees of due process extend to aliens in [removal] proceedings, entitling them to a full and fair hearing." *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 296 (6th Cir. 2016) (quoting *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)). "To evaluate whether fundamental fairness was denied, we ask whether there was a defect in the removal proceeding, and if so, whether

---

[1] Although Godinez argues he has a statutory right to have the BIA consider his challenge to the IJ's political-opinion determination, he cites only caselaw discussing a procedural due process right. *See Al-Ghorbani v. Holder*, 585 F.3d 980, 993 (6th Cir. 2009); *Akhtar v. Gonzales*, 406 F.3d 399, 408 (6th Cir. 2005). Therefore, we construe his contention as sounding in procedural due process.

[Godinez] was prejudiced by the defect." *Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012).

Among the many reasons for denying Godinez's application for withholding of removal, the IJ found that Godinez's opposition to gangs did not constitute a cognizable political opinion. On appeal to the BIA, Godinez argued that the IJ failed to properly analyze his claim based on imputed political opinion, asserting that he proffered evidence of the politicized nature of *narcocorridos* in Mexico and the central role musicians and bandleaders play in the culture war. The BIA did not address this argument, instead upholding the denial of Godinez's application for withholding of removal for the other reasons cited by the IJ, including Godinez's failure to corroborate his allegations and his failure to establish past persecution or a clear probability of future persecution, without regard to any protected ground. As this court has noted, the BIA "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003) (quoting *Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984)); *see also Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011) ("[T]he BIA is not required to parse or refute on the record every individual argument or document offered by the petitioner.") (quoting *Guo Ping Wu v. Holder*, 339 F. App'x 596, 603 (6th Cir. 2009)). The BIA disposed of Godinez's appeal in a well-reasoned five-page decision, providing a more than adequate explanation to allow us to conduct a meaningful review.

Even if the BIA erred in failing to address his political-opinion argument, Godinez has not established prejudice, given his failure to challenge the agency's dispositive findings that he failed to corroborate his claims and failed to satisfy his burden of proof for withholding of removal. Remand is appropriate where "the agency has failed to consider a legal issue central to

resolution of the petitioner's claims." *Mapouya*, 487 F.3d at 405 (quoting *Xin Mao Wu v. Gonzales*, 214 F. App'x 592, 594-95 (6th Cir. 2007)). Such is not the case here, however, because Godinez has not challenged the aforementioned dispositive findings. Godinez has waived review of those dispositive findings by failing to challenge them in his brief before this court. *See Hih v. Lynch*, 812 F.3d 551, 556 (6th Cir. 2016). For the same reason, Godinez has also abandoned his claim for CAT protection. *See Hachem v. Holder*, 656 F.3d 430, 433-34 (6th Cir. 2011). In any event, based on our review of the record, substantial evidence supports the agency's findings that Godinez failed to corroborate his claims and failed to satisfy his burden of proof for withholding of removal and CAT protection.

For these reasons, we **DENY** Godinez's petition for review.